IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

CLINTON T. DRAINER,
Grievant Below, Petitioner

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 22-ICA-195        (Grievance Bd. No. 2022-0179-DOT)

DIVISION OF HIGHWAYS,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner Clinton T. Drainer appeals the September 27, 2022, "Dismissal Order" of the West Virginia Public Employees Grievance Board ("Grievance Board"). Respondent Division of Highways filed its response in support of the Grievance Board's decision.[1] Mr. Drainer timely filed his reply. The issue on appeal is whether the Grievance Board erred in dismissing Mr. Drainer's grievance, which asserted that the Department of Highways discriminated against him based on his age in denying him a promotion.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Drainer began working at the Division of Highways as a Transportation Worker 2, Equipment Operator ("TW2") on December 26, 2017. On February 23, 2021, Mr. Drainer interviewed for a Transportation Worker 3, Equipment Operator ("TW3") position. Mr. Drainer was notified on February 25, 2021, that he was not selected for the TW3 position. Another candidate was selected for the position on March 4, 2021.

On September 2, 2021, Mr. Drainer filed his first grievance in this matter (No. 2022-0179-DOT).[2] Mr. Drainer requested a level one conference, alleging that he was denied a

---

[1] Mr. Drainer is represented by Erika Klie Kolenich, Esq. The Division of Highways is represented by Regenia L. Mayne, Esq.

[2] On April 5, 2022, Mr. Drainer filed a second grievance in the same matter (No. 2022-0706-DOT), once again alleging that he was denied a promotion to the TW3 position

1

promotion to the TW3 position because of age discrimination by the Division of Highways. Mr. Drainer sought back pay, a promotion to the TW3 position, and other damages. In April of 2022, Mr. Drainer also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging the same claim of age discrimination against the Division of Highways.

On October 4, 2021, the Division of Highways filed a "Motion to Dismiss" in Mr. Drainer's first grievance (No. 2022-0179-DOT), asserting that the grievance was untimely, as it was filed well beyond the statutory deadline. *See* West Virginia Code § 6C-2-4(a)(1) (2008). By decision dated October 28, 2021, the Level One Grievance Administrator ("Grievance Administrator") granted the Division of Highways' motion and found that Mr. Drainer's grievance was untimely filed. The Grievance Administrator found that Mr. Drainer was informed that he was not selected for the TW3 position on or around February 25, 2021, and the selection of another candidate for the position was made effective on March 4, 2021. The Grievance Administrator further found that Mr. Drainer did not file his grievance within the fifteen-day time period required by West Virginia Code § 6C-2-4(a)(1) after it became known to him that he was not selected for the position.

Following the dismissal of his grievance at level one, Mr. Drainer appealed to level two mediation before the Grievance Board administrative law judge ("ALJ"). A mediation session occurred on February 15, 2022, but was unsuccessful. On March 4, 2022, the ALJ entered an "Order of Unsuccessful Mediation." Mr. Drainer then appealed the grievance to a level three hearing. The Division of Highways filed a "Renewed Motion to Dismiss" arguing that Mr. Drainer filed his grievance more than fifteen days after he learned that he did not receive the promotion. A level three hearing was scheduled for August 10, 2022. This date was instead used for a hearing on the "Renewed Motion to Dismiss" filed by the Division of Highways.[3] At the hearing, counsel for Mr. Drainer argued that he had continually faced age discrimination and retaliation for filing the grievance, and that where there is a continuing pattern of discriminatory conduct by the employer, the fifteen-day period begins to run only after the last incident of discrimination. However, counsel for Mr. Drainer referenced only one specific act of alleged discrimination, his nonselection for the TW3 position.

On September 27, 2022, the Grievance Board issued a written order, which dismissed Mr. Drainer's grievance (No. 2022-0179-DOT). The Grievance Board found that Mr. Drainer was likely aware that the TW3 position had been filled no later than March

---

because of age discrimination, and that he was denied training opportunities based on his age.

[3] At the time of the hearing on his initial grievance, Mr. Drainer's second grievance (No. 2022-0706-DOT) was still pending. The second grievance was later denied by a separate January 17, 2023, Grievance Board decision.

13, 2021, and that he did not file his grievance until September 2, 2021. The Grievance Board noted that West Virginia Code § 6C-2-4(a)(1) provides that a grievance must be filed within fifteen days after the occurrence of the event upon which the grievance is based. The Grievance Board found that Mr. Drainer provided only one incident of discrimination, his nonselection for the TW3 position, meaning that he would not fall within the exception for a continuing practice of discrimination. Based on these findings, the Grievance Board granted the "Motion to Dismiss," and upheld the Division of Highways' decision not to promote Mr. Drainer to the TW3 position. This appeal followed.

Our governing standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (b) (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal).

"The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). *See also* Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc., v. Dir. Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong).

On appeal, Mr. Drainer advances two arguments. First, he argues that the Grievance Board erred in granting the Division of Highways' Motion to Dismiss. Second, Mr. Drainer argues that the Grievance Board erred in finding that there were no continuing recent occurrences of age discrimination over the course of his employment with the Division of Highways. Upon review, we are not persuaded by Mr. Drainer's arguments.

The controlling statute, West Virginia Code § 6C-2-4(a)(1) provides, in part:

Within fifteen days following the occurrence of the event upon which the grievance is based, or within fifteen days of the date upon which the event became known to the employee, or within fifteen days of the most recent occurrence of a continuing practice giving rise to a grievance, an employee may file a written grievance with the chief administrator stating the nature of the grievance and the relief requested and request either a conference or a hearing.

Further, with respect to the fifteen-day period, the Supreme Court of Appeals of West Virginia has held that the period "begins when the grievant is unequivocally notified of the selection decision by the employer, not when the grievant discovers facts about the person selected for the position." Syl. Pt. 3, *W. Va. Div. of Highways v. Powell*, 243 W. Va. 143, 144, 842 S.E.2d 696, 697 (2020).

The record demonstrates that Mr. Drainer's grievance relies on the Department of Highways' selection of another candidate for the TW3 position. Mr. Drainer admitted that the Department of Highways informed him that he was not selected for the position on February 25, 2021. Thus, Mr. Drainer's deadline for filing his grievance was fifteen days after February 25, 2021. *See* W. Va. Code § 6C-2-4(a)(1). However, Mr. Drainer did not file his grievance until September 2, 2021. Mr. Drainer clearly did not meet the fifteen-day deadline, as he filed his grievance over seven months after learning that he did not receive the TW3 position. Mr. Drainer also argues that his separate complaint with the EEOC should have tolled the deadline for filing his grievance. However, Mr. Drainer offers no precedent or authority to support this argument, and he does not argue that he falls within an exception to the timeframe for filing a grievance found in West Virginia Code § 6C-2-4(a)(1). Thus, we find no error in the Grievance Board's dismissal of Mr. Drainer's grievance.

Turning to Mr. Drainer's argument regarding continuing age discrimination, the record demonstrates that Mr. Drainer's grievance was based solely on his nonselection for the TW3 position. The Division of Highways committed only one act of alleged discrimination in its decision not to promote Mr. Drainer. Thus, the continuing discrimination exception within the statute does not apply, and Mr. Drainer's argument fails as a matter of law.

Accordingly, we find that the Grievance Board's decision to dismiss Mr. Drainer's grievance is supported by substantial evidence and must be accorded deference as required by law. Therefore, we find no error and affirm the September 27, 2022, decision of the Grievance Board.

Affirmed.

4

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen